IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES WARREN DA-QUAN,

    Plaintiff,

v.                                No. 1:25-cv-293 SMD/JMR

FNU LNU,

    Defendant.

**ORDER OF DISMISSAL**

THIS MATTER is before the Court following Plaintiff Charles Warren Da-Quan's failure to cure deficiencies as directed. Plaintiff is incarcerated and is proceeding *pro se*. Plaintiff initiated this case by filing a Letter Pleading Regarding Civil Rights Claims on March 21, 2025. (Doc. 1). On the same day, the Clerk's Office mailed Plaintiff a blank § 1983 complaint and application to proceed *in forma pauperis*. Plaintiff did not return the forms. By an Order to Cure Deficiencies ("Cure Order") entered January 9, 2026, the Court directed Plaintiff to file a complaint on the § 1983 form, and to either prepay the $405 civil filing fee or, alternatively, file a motion to proceed *in forma pauperis* within thirty days. (Doc. 9); *see also* 28 U.S.C. § 1915(a)(2) (providing that all prisoner-plaintiffs who do not prepay the filing fee must file an *in forma pauperis* motion and a certified copy of a six-month inmate account statement). The Order warns that the failure to timely comply with both directives may result in dismissal of this case without further notice.

The deadline to file a complaint on the § 1983 form and address the civil filing fee requirement expired February 9, 2026. Plaintiff did not return the forms or otherwise comply. Instead, he filed a document titled "Objections to Cure Deficiencies." (Doc. 10). The document

is mostly illegible and appears to include arguments relating to a New York state case.  The Court will dismiss the opening Letter Pleading (Doc. 1) pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the rules of civil procedure or court's orders."  *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 F. App'x 538, 540-41 (10th Cir. 2008) ("[D]istrict court did not abuse its discretion by dismissing [Plaintiff's] action without prejudice based upon his failure to comply with" § 1915(a)."); *Gonzales v. Bernalillo Cnty. Dist. Ct.*, 640 F. App'x 759, 762 (10th Cir. 2016) (same).

It is therefore ordered that Plaintiff Charles Warren Da-Quan's opening Letter Pleading (**Doc. 1**) is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b).  The Court will enter a separate judgment closing this civil case.

SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE